**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. 14-cv-3385 |
| v. | |
| DOUMAK, INC., | Jury Trial Demand |
| Defendant. | |
| and | |
| GROCERY & FOOD PRODUCTS, PROCESSORS, CANNERIES, FROZEN FOOD PLANTS, SUGAR PROCESSORS, CONFECTIONERY AND CANDY MANUFACTURERS AND DISTRIBUTORS, COFFEE VENDING, MISCELLANEOUS DRIVERS AND SALESMEN, WAREHOUSEMEN AND RELATED OFFICE EMPLOYEES UNION, LOCAL 703, AN AFFILIATE OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL-CIO, | |
| Rule 19 Non-Aligned Party. | |

## **COMPLAINT**

### NATURE OF THE ACTION

This is an action under Titles I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., to correct unlawful employment practices and to provide appropriate relief to qualified individuals with disabilities who were affected by such practices (collectively, "Aggrieved Individuals"). Plaintiff, the U.S. Equal Employment Opportunity Commission

1

("EEOC"), alleges that Defendant, Doumak, Inc., violated the ADA when it failed to provide reasonable accommodations for Maria Sierra and Aggrieved Individuals.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with administering, interpreting and enforcing Title I of the ADA, and is authorized to bring this suit by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and is further authorized by Title V of the ADA, 42 U.S.C. § 12203(c), which incorporates by reference the enforcement remedies and procedures available under Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

4. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the United States, including within Cook and DuPage Counties in the State of Illinois, and has continuously had at least 15 employees at all times relevant to this suit.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C.

§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. The Grocery & Food Products, Processors, Canneries, Frozen Food Plants, Sugar Processors, Confectionery and Candy Manufacturers and Distributors, Coffee Vending, Miscellaneous Drivers and Salesmen, Warehousemen and Related Office Employees Union, Local 703 ("Local 703"), is a labor union and an Affiliate of the International Brotherhood of Teamsters, AFL-CIO. Along with Defendant, it is party to two collective bargaining agreements whose operation must be enjoined in order to provide complete relief in this action. Accordingly, Local 703 is properly joined to this action as a party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## STATEMENT OF CLAIMS

8. More than 30 days before institution of this suit, Maria Sierra filed a charge with the EEOC alleging that Defendant violated Title I of the ADA.

9. On August 1, 2012, the EEOC determined that there was reasonable cause to believe that Defendant discriminated against Sierra and a class of other employees at its facilities in Elk Grove Village, Illinois and Bensenville, Illinois, in that Defendant failed to make reasonable accommodations to their disabilities and discharged them, instead, in violation of the ADA.

10. The conciliation efforts required by law have occurred and were unsuccessful.

(a) On August 1, 2012, the EEOC issued to Doumak a Letter of Determination inviting Doumak to join with the EEOC in informal

      methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

  (b)  On July 10, 2013, the EEOC issued to Doumak a Notice of Failure of Conciliation advising Doumak that despite its efforts the EEOC was unable to secure from Doumak a conciliation agreement acceptable to the Commission.

11.  All conditions precedent to the institution of this suit have been fulfilled.

12.  The Aggrieved Individuals have impairments that substantially limit one or more of their major life activities, and so they are individuals with disabilities, within the meaning of the ADA.

13.  The Aggrieved Individuals were able to perform the essential functions of their jobs with or without reasonable accommodations.

14.  Since at least 2008, Defendant has violated § 12112(b)(5)(A) by failing to make reasonable accommodations to the disabilities of the Aggrieved Individuals, including by limiting such individuals to a maximum of 12 weeks or 12 months of medical leave, pursuant to two collective bargaining agreements between Defendant and Local 703. In lieu of providing additional leave or other reasonable accommodations, Defendant discharged the Aggrieved Individuals.

15.  Each of the unlawful employment practices complained of above was intentional.

16.  Each of the unlawful employment practices complained of above was done with malice or with reckless indifference to the Aggrieved Individuals' federally protected rights.

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that retaliates against any person for engaging in activity protected by the ADA.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Doumak to make the Aggrieved Individuals whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including rightful-place reinstatement of the Aggrieved Individuals;

E. Order Defendant to make the Aggrieved Individuals whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

F. Order Defendant to make the Aggrieved Individuals whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, humiliation, inconvenience, and mental anguish, in amounts to be determined at trial.

G. Order Defendant to pay the Aggrieved Individuals punitive damages for the malicious and reckless conduct complained of above, in amounts to be determined at trial.

H. Enjoin Defendant and Local 703 from applying or enforcing provisions of their collective bargaining agreement that limit medical leave to a fixed period of time without providing exceptions for the reasonable accommodation of disabilities.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the EEOC its costs in this action.

<u>JURY TRIAL DEMAND</u>

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Date: September 26, 2014    Respectfully submitted,

P. DAVID. LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507


JOHN C. HENDRICKSON
Regional Attorney

GREGORY M. GOCHANOUR
Supervisory Trial Attorney

 s/ Justin Mulaire
JUSTIN MULAIRE
Trial Attorney
Ill. Bar No. 6288437

U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8045