**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) | |
| **Plaintiff,** ) ) | **Case No.  14-cv-7492** |
| **v.** ) ) | **Judge Shah** |
| **DOUMAK, INC.,** ) ) | |
| **Defendant,** ) ) | |
| **and** ) ) | |
| **GROCERY & FOOD PRODUCTS, PROCESSORS, CANNERIES, FROZEN FOOD PLANTS, SUGAR PROCESSORS, CONFECTIONERY AND CANDY MANUFACTURERS AND DISTRIBUTORS, COFFEE VENDING, MISCELLANEOUS DRIVERS AND SALESMEN, WAREHOUSEMEN AND RELATED OFFICE EMPLOYEES UNION, LOCAL 703, AN AFFILIATE OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL-CIO,** ) ) ) ) ) ) ) ) ) ) ) | |
| **Rule 19 Non-Aligned Party.** ) ) | |

**CONSENT DECREE**

THE LITIGATION

1.       Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Doumak, Inc. ("Doumak") failed to provide reasonable accommodations for Maria Sierra and other aggrieved individuals, thereby violating Title I of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12112(a) and (b).

2.       In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC, Doumak, and the undersigned Rule 19 Non-

1

Aligned Party ("Union") have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree").

3. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC and shall be binding on the EEOC; on Doumak; on Doumak's directors, officers, managers, employees, agents, successors, and assigns; and on all persons in active concert or participation with Doumak.

4. This Decree applies to the Union only to the extent set forth in Paragraphs 7-9, below, but does not otherwise impose any affirmative obligations on the Union.

<u>FINDINGS</u>

5. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

(a) This Court has jurisdiction over the subject matter of this action and the parties;

(b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

(c) The rights of the EEOC, Sierra, the other aggrieved individuals, Doumak, the Union, and the public interest are adequately protected by this Decree;

(d) This Decree conforms to the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person; and

(e) Entry of this Decree will further the objectives of the ADA and will be in the best interests of the EEOC, Sierra, the other aggrieved individuals, Doumak, the Union, and the public interest.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

<u>INJUNCTION AGAINST DISCRIMINATION AND RETALIATION</u>

6. Doumak, its officers, agents, employees, successors, assigns, and all persons

acting in concert with it are hereby enjoined from engaging in any form of employment discrimination prohibited by Titles I or V of the ADA, including but not limited to: (a) failing to provide a reasonable accommodation to a qualified employee or job applicant with a mental or physical disability; and (b) any form of retaliation against any person because such person has opposed any practice prohibited by the ADA, filed a charge of discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights or received any benefits under this Decree.

7.      The Union, Doumak, and Doumak's officers, agents, employees, successors, assigns, and all persons acting in concert with Doumak are hereby enjoined from implementing or enforcing any collective bargaining agreement pertaining to Doumak employees ("CBA") in a manner that denies any qualified individual with a disability a reasonable accommodation to which he or she is entitled under the ADA, including (but not limited to) a leave of absence or an extension of a leave of absence when such a leave or extension of a leave constitutes a reasonable accommodation.

8.      Within 90 days of the entry of this Decree, Doumak shall confer with the Union and attempt in good faith to negotiate amendments to Article V of each CBA between Doumak and the Union that make clear that the CBA does not authorize, require, or permit Doumak or the Union to deny any qualified individual with a disability a reasonable accommodation to which he or she is entitled under the ADA, including (but not limited to) a leave of absence or an extension of a leave of absence when such a leave or extension of a leave constitutes a reasonable accommodation under the ADA. Notwithstanding Paragraph 26 and any other provision of this Decree, Paragraphs 7-9, 13, 15, 23, 25, and 28-29 of this Decree shall remain in full force and effect until such time as Doumak and the EEOC jointly certify (or, in the event of a

dispute, until the Court certifies) that each CBA has been amended in a manner consistent with this Paragraph. When Doumak and the Union have tentatively agreed upon an amendment, Doumak may request that the EEOC provide a preliminary certification that the within ten (10) business days of the EEOC's receipt of the full text of the tentatively agreed-upon CBA, which certification shall become final ten (10) business days after the tentatively agreed-upon CBA is finally approved by the Union and Doumak and a copy of the final, approved version is delivered to the EEOC.

9.      To the extent any provision of this Decree conflicts with any provision of a collective bargaining agreement, memorandum of understanding, or any other agreement entered into between Doumak and the Union, the provisions of this Decree shall supersede the provisions of that collective bargaining agreement, memorandum of understanding, or other agreement.

<u>MONETARY RELIEF</u>

10.     Subject to the terms and conditions of this Decree, Doumak shall make payments ("Payments") to the designated next-of-kin of Sierra, and to the other aggrieved individuals in the following amounts:

| | | |
|---|---|---|
| Maria Sierra: | | damages — $ 25,000 |
| Patricia Keathley: | backpay — $ 7,500 | damages — $ 10,000 |
| Maria Kocaj: | backpay — $ 7,500 | damages — $ 10,000 |
| Santia Laboy: | backpay — $ 7,500 | damages — $ 10,000 |
| Gerald Valenti: | backpay — $ 2,500 | damages — $ 5,000 |

The portion of the Payments designated above as backpay will be subject to any required tax withholdings and deductions, for which Doumak will issue an IRS Form W-2. Doumak may not deduct the employer's portion of applicable payroll taxes from the Payments. Doumak will issue an IRS Form 1099 to each of the individuals receiving a Payment designated as damages. No deductions shall be made from the Payments designated as damages.

11.     For each individual named in Paragraph 10, no later than ten (10) business days after the later of entry of this Decree and receipt by Doumak of a copy of a Release Agreement executed by that individual (or, in the case of Sierra, her designated next-of-kin) in the form set forth in Exhibit A to this Decree, Doumak shall issue and mail to that individual, by certified or registered mail, a check for each Payment to which the individual (or, in the case of Sierra, her designated next-of-kin) is entitled under Paragraph 10.  Contemporaneously, Doumak shall submit a copy of each such check to the EEOC.  If any portion of a Payment is not issued and mailed within the ten (10) business day period ("unpaid amount"), then for each business day beyond the tenth business day that such portion remains unpaid, Doumak shall pay to the individual in question (or, in the case of Sierra, her designated next-of-kin), in the manner set forth above, an amount equal to the greater of $50 or 0.1% of the Unpaid Amount.

12.     If after ninety (90) days following entry of this Decree one or more of the individuals identified in Paragraph 10 (or, in the case of Sierra, her designated next-of-kin) has not been paid because they cannot be located or have not met the requirements set forth in Paragraph 11, then the Payments that were to be made to that individual will be divided equally among and distributed to the other individuals identified in Paragraph 10, and copies of the check(s) used to make such additional distributions shall be contemporaneously provided to the EEOC.

## ANTI-DISCRIMINATION POLICY

13.     Doumak shall adopt, in writing, a policy against employment discrimination ("Policy") within five (5) business days after the approval and entry of this Decree and shall maintain such Policy as long as this Decree or this Paragraph remains in force.  Doumak shall provide copies of the Policy to all employees no later than ten (10) business days after entry of

this Decree and to all new employees at the time they are hired.  The Policy shall, at a minimum:

    (a)    specifically prohibit each form of discrimination prohibited by the ADA;

    (b)    expressly state that if an employee needs a leave of absence as a reasonable accommodation for a disability, Doumak will to grant the leave of absence, regardless of whether the employee is eligible for a leave of absence under the Collective Bargaining Agreement or under the Family and Medical Leave Act, and that Doumak will also grant a leave of absence that is longer than the maximum allowed by the Collective Bargaining Agreement if that is necessary in order to provide a reasonable accommodation to a disability;

    (c)    inform employees that they are entitled to make complaints or reports of unlawful employment discrimination, including failures to provide reasonable accommodations, to Doumak and to the EEOC;

    (d)    inform employees that Doumak will investigate thoroughly and promptly all such complaints and reports and shall provide that employees who violate the Policy are subject to discipline up to and including discharge.

14.    No later than five (5) business days after entry of this Decree, Doumak shall submit a copy of its Policy to the EEOC.  Submission of the Policy to the EEOC shall not represent the EEOC's or the Court's approval of any Doumak policy.

15.    No later than ten (10) business days after entry of this Decree, Doumak shall post its Policy in a conspicuous location on a bulletin board or other physical space that is regularly used by Doumak for posting legal notices concerning employee rights.  The policy shall remain posted in this manner as long as this Decree or this Paragraph remains in force.

<u>TRAINING</u>

16.      No later than sixty (60) calendar days after entry of this Decree, all Doumak employees shall participate in a training session regarding the laws pertaining to employment discrimination, including the obligations of employers under the ADA.  Doumak shall repeat this training at least once every twelve (12) months for the duration of the Decree, within sixty (60) calendar days of each anniversary following entry of this Decree.  A registry of attendance shall be maintained for each training session required under this Paragraph.

17.      Doumak shall obtain the EEOC's approval of its proposed trainer and the content the trainer proposes to present before the commencement of any training session required under Paragraph 16.  Doumak shall submit the name, address, telephone number, resume and training proposal of its proposed trainer (including copies of all materials the trainer proposes to display, distribute, or otherwise present) to the EEOC at least twenty (20) business days prior to the proposed date of each training session.  The EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed trainer and/or the content the trainer proposes to present.  In the event the EEOC does not approve Doumak's proposed trainer and/or content, Doumak shall have five (5) business days to identify an alternate trainer and/or revise the content its trainer proposes to present.  The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer and/or content.  If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraph 25.

18.      No later than five (5) business days after each training session described in Paragraph 16 takes place, Doumak shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended.  Every certification of training

7

described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name and position of all the employees subject to the training requirement; and (d) copies of any and all pamphlets, brochures, outlines or other written materials provided or displayed to the personnel attending each training session.

## POSTING AND DISTRIBUTION OF NOTICE

19.     No later than five (5) business days after entry of this Decree, Doumak shall post copies of the Notice attached as Exhibit B to this Decree in a conspicuous location on a bulletin board or other physical space that is regularly used by Doumak for posting legal notices concerning employee rights.  The Notice shall remain posted in this manner for the term of this Decree.  Doumak shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material.

20.     No later than five (5) business days after entry of this Decree, Doumak shall distribute a copy of the Notice attached as Exhibit B to this Decree to all employees.

21.     No later than five (5) business days after entry of this Decree, Doumak shall certify to EEOC in writing that the Notice has been properly posted and distributed in accordance with Paragraphs 19 and 20.

## RECORD KEEPING

22.     During the term of this Decree, Doumak shall maintain and make available for inspection and copying by the EEOC written records of every request made by (or on behalf of) an employee or job applicant for accommodation of a disability, and records of every complaint or report of disability discrimination by (or on behalf of) any employee or job applicant.  For each such request, complaint, or report, such records shall include:  (i) the name of the

8

requesting, complaining, and/or reporting person or organization (including, as applicable, social security number, address, and telephone number);  (ii) the date of the request, complaint, or report;  (iii) a written description of what was requested, alleged, or reported;  (iv) the names of any witnesses;  (v) with respect to a request for reasonable accommodation, whether the requested accommodations were granted, granted with modification, or denied, reason(s) for denial or modification if accommodations were denied or granted with modification, and the status of the employee or applicant who made the request;  (vi) with respect to a complaint or report of disability discrimination, a written description of the resolution or outcome of the complaint or report, including a description of all actions Doumak took with respect to the complaint or report;  and (vii) if the request, complaint, or report was made in written form, a copy thereof.

23.     Doumak shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree.  Doumak shall permit a representative of the EEOC to enter Doumak's premises on two business days' notice, during normal business hours, for purposes of inspecting any relevant documents or records or otherwise verifying compliance with this Decree;  provided, however, that the EEOC may enter Doumak's premises without advance notice, during normal business hours, for the purpose of verifying compliance with the notice posting requirement of Paragraph 19.

<u>REPORTING</u>

24.     Doumak shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree.  The first Semi-Annual Report shall be due six (6) months after entry of the Decree.  Subsequent Semi-Annual Reports shall be due

every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30)

calendar days prior to the expiration of the Decree.  Each such Semi-Annual Report shall

contain:

> (a)    copies of all records described in Paragraph 22, above, for the six (6) month
>
>       period preceding the Semi-Annual Report or a certification by Doumak that no
>
>       complaints or reports of discrimination were received during that period;
>
> (b)    a certification by Doumak that the Notice required to be posted pursuant to
>
>       Paragraph 19 of the Decree remained posted in the manner required during the
>
>       entire six (6) month period preceding the Semi-Annual Report.

## DISPUTE RESOLUTION

25.    If during the term of this Decree either party to the Decree believes that the other

party has failed to comply with any provision(s) of the Decree, the complaining party shall notify

the other party of the alleged non-compliance and shall afford the alleged non-complying party

ten (10) business days to remedy the non-compliance or satisfy the complaining party that the

alleged non-complying party has complied.  If the alleged non-complying party has not remedied

the alleged non-compliance and satisfied the complaining party that it has complied within ten

(10) business days, the complaining party may apply to the Court for appropriate relief, which

may include modification of this Decree or other relief that the Court determines to be

reasonable.

## TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION

26.    All provisions of this Decree shall be in effect (and the Court will retain

jurisdiction of this matter to enforce this Decree) for a term of two (2) years immediately

following the entry of the Decree, unless extended by order of this Court, provided, however,

that if at the end of the term of the Decree, any disputes under Paragraph 25, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

<u>MISCELLANEOUS PROVISIONS</u>

27.     Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

28.     Prior to any sale or other transfer of Doumak's business or sale or other transfer of all or a substantial portion of Doumak's assets, Doumak shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

29.     When this Decree requires a certification by Doumak of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Doumak. When this Decree requires the submission by Doumak of reports, certifications, notices, or other materials to the EEOC, they shall be sent by U.S. Mail to Doumak Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 500 W. Madison St., Ste. 2000, Chicago, IL 60661. By advance agreement of the parties, materials may alternatively be submitted by electronic mail.


SO ORDERED, ADJUDGED, and DECREED on this 4th day of November, 2014.


By the Court:

_____
The Hon. Manish S. Shah
United States District Judge

Agreed to in form and content:

For the UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois  60661
312-869-8000

For DOUMAK, INC.


_____
[Doumak officer name & address]


_____
JOHN C. HENDRICKSON
Regional Attorney

For GROCERY & FOOD PRODUCTS,
PROCESSORS, CANNERIES, FROZEN
FOOD PLANTS, SUGAR PROCESSORS,
CONFECTIONERY AND CANDY
MANUFACTURERS AND DISTRIBUTORS,
COFFEEE VENDING, MISCELLANEOUS
DRIVERS AND SALESMEN,
WAREHOUSEMEN AND RELATED
OFFICE EMPLOYEES UNION, LOCAL 703,
AN AFFILIATE OF THE INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
AFL-CIO (Rule 19 Non-Aligned Party):

_____
GREGORY GOCHANOUR
Supervisory Trial Attorney


_____
JUSTIN MULAIRE
Trial Attorney


_____
[Union officer name & address]

# EXHIBIT A

## **RELEASE AGREEMENT**

In consideration of [AMOUNT] to be paid to me by Doumak, Inc., in connection with the resolution of <u>EEOC v. Doumak, Inc.</u>, Case No. 14-cv-____ (N.D.Ill.), I waive my right to recover for any claims of employment discrimination arising under Title I of the Americans with Disabilities Act of 1990 that I had against Doumak on or before the date of this release and that were included in the claims in EEOC's complaint in <u>EEOC v. Doumak, Inc.</u>.


Signed: _____       Date: _____
                [NAME]

# EXHIBIT B

## NOTICE TO DOUMAK EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in the Northern District of Illinois in EEOC v. Doumak, Inc., Case No. 14-cv-7492 (N.D.Ill.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against Doumak.

In this lawsuit, the EEOC alleged that Doumak violated the Americans with Disabilities Act of 1990 (the "ADA") by failing to provide reasonable accommodations to  employees with disabilities.  To resolve this case, EEOC and Doumak have entered into a Consent Decree requiring, among other things, that:

1. Doumak make a total of $85,000 in monetary payments to the individuals who were affected by the alleged violations of the ADA;

2. Doumak will provide reasonable accommodations to qualified employees and job applicants with disabilities, and will not discriminate against any qualified employee or job applicant on the basis of disability.

3. **Leaves of absence:  If an employee needs a leave of absence as a reasonable accommodation for a disability, Doumak is required to grant the leave of absence, regardless of whether the employee is eligible for a leave of absence under the Collective Bargaining Agreement or under the Family and Medical Leave Act.  Doumak may also be required to provide, as a reasonable accommodation, a leave of absence that is longer than the maximum allowed by the Collective Bargaining Agreement.**

4. Doumak will not retaliate against anyone for requesting a reasonable accommodation of a disability, for making a report or complaint about unlawful employment discrimination or harassment, for filing a charge of discrimination, or for participating in any way in a proceeding under the ADA;  and

5. Doumak will provide training to its employees about reasonable accommodation of disabilities and the other requirements of the ADA.


The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment, pregnancy, and gender identity), religion, national origin, age, disability, genetic information, and retaliation.  Further information about EEOC and these laws is available on EEOC's web site at www.eeoc.gov.  If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at (312) 869-8000 or by TTY at (312) 869-8001.  The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice or compliance with its terms may be directed to: Doumak Consent Decree Compliance; EEOC – Legal Unit; 500 West Madison Street, Suite 2000; Chicago, Illinois 60661.

<u>11/4/2014</u>
Date

Judge Manish S. Shah
United States District Court